# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOEL SALSBURY** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil Action No. 1:08cv1311-HSO-JMR |
| | § | |
| **COASTAL INSURANCE** | § | |
| **AGENCY,** *et al.* | § | **DEFENDANT** |

## MEMORANDUM OPINION AND ORDER REMANDING CASE

This cause comes before the Court *sua sponte*, to consider its subject matter jurisdiction over this case. The Court, having considered the record, the pleadings on file, and the relevant legal authorities, finds that it lacks subject matter jurisdiction. Remand to state court is therefore required.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff owned a residence on Kaumakapili Street in Diamondhead, Mississippi [the "Property"]. *See* Compl., at ¶ 1. On December 11, 2000, he applied for a Standard Flood Insurance Policy ["SFIP"] through agent Defendant Tommy B. Brooks, doing business as Coastal Insurance Agency. *See* Application, attached as Ex. "1" to Hartford's Mot. for Summ. J. Hartford Insurance Company of the Midwest ["Hartford"] issued a SFIP on Plaintiff's residence. *See* Compl. at ¶¶ 11-14. This particular SFIP covered Plaintiff's dwelling, but not its contents. *See id.* Plaintiff maintains that Defendants represented to him that he "would have full and comprehensive coverage for any and all hurricane damage and or [sic] flood damage proximately caused should a hurricane strike the area," including "contents" coverage. *Id.* at ¶ 11. Plaintiff's residence and contents were damaged by Hurricane

Katrina on August 29, 2005, during the policy period. *See id.* at ¶¶ 17-18. According to the Complaint, Plaintiff was informed that he had no contents coverage for flood. *See id.* at ¶¶ 19-21.

Plaintiff filed his Complaint in the Circuit Court of Hancock County, Mississippi, on August 27, 2008, naming as Defendants the insurance agent, Tommy B. Brooks, doing business as Coastal Insurance Agency, a Mississippi citizen; Hartford Insurance Company of the Midwest; and unknown insurance companies ABC and DEF. The Complaint raised claims for breach of contract, bad faith, tortious breach of contract, negligence, gross negligence, reckless disregard for Plaintiff's rights, breach of the covenant of good faith and fair dealing, waiver, estoppel, and fraudulent claims practice. *See* Compl., at ¶¶ 22-46. All of Plaintiff's claims relate to the lack of contents coverage under his SFIP. *See id.*

In its Notice of Removal to this Court, Hartford invokes only federal question jurisdiction, on the basis that it is a Write-Your-Own ["WYO"] insurance carrier participating in the United States Government's National Flood Insurance Program ["NFIP"], pursuant to the National Flood Insurance Act of 1968, as amended, 42 U.S.C. §4001, *et seq*. *See* Notice of Removal, at pp. 2-3. There is not complete diversity on the face of Plaintiff's Complaint, so the question of this Court's subject matter jurisdiction turns on whether a federal question is presented.

Plaintiff did not file a motion to remand. The parties, however, cannot consent to federal subject matter jurisdiction where it is lacking. *See Bridgmon v.*

*Array Systems Corp.*, 325 F.3d 572, 575 (5th Cir. 2003). If not raised by the parties, the Court must address this issue *sua sponte*. *See id.*

II. DISCUSSION

A. Standard of Review

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction. *See* 28 U.S.C. § 1441. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *See Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1,* 665 F.2d 594, 595 (5th Cir. 1982). Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (*citing Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)). The party seeking removal, Hartford in this case, bears the burden of establishing federal jurisdiction over the state court suit. *See Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Willy*, 855 F.2d at 1164.

B. Federal Question Jurisdiction

Hartford's Notice of Removal asserts that federal question jurisdiction exists in this case because "42 U.S.C. § 4072 conveys original 'exclusive' subject matter jurisdiction over the claims made by Plaintiffs [sic] against the WYO carrier to the

-3-

federal courts." Notice of Removal, at p. 3. In the case of a SFIP issued by a WYO private insurer, such as Hartford, the Fifth Circuit has held that "state law tort claims arising from claims handling by a WYO are preempted by federal law." *Wright v. Allstate Ins. Co.,* 415 F.3d 384, 390 (5th Cir. 2005). Federal law, however, does not preempt state-law procurement-based claims. *See Campo v. Allstate Ins. Co.*, 562 F.3d 751, 757 (5th Cir. 2009).

The question presented in this case, then, is whether Plaintiff's claims relate to procurement or to claims handling. A plain reading of Plaintiff's Complaint demonstrates that his claims pertain to the lack of contents coverage under his policy. *See* Compl., at ¶¶ 22-46. The parties do not dispute that no such contents coverage existed.

In *Landry v. State Farm Fire & Cas. Co.*, 428 F. Supp. 2d 531 (E.D. La. 2006), the insureds brought a state court suit against the agent and a WYO carrier for errors and omissions in failing to provide contents coverage under their homeowner's and flood insurance policies. The insurer removed the case, alleging that the claim for errors and omissions was preempted by federal law. *See id.* at 533. The district court held that the case presented a question of policy procurement, in that it involved the initial obtaining of coverage, such that no federal question was presented. *See id.* at 535. *Landry* is closely analogous to the present dispute.

Similarly, in *Bramlett v. State Farm Fire and Casualty Company*, No. 1:06cv134-LTS-RHW, 2006 WL 2243186 (S.D. Miss. Aug. 4, 2006), the plaintiff asserted that the agent was negligent in failing to procure contents coverage under

-4-

the flood policy as allegedly requested. *See Bramlett*, 2006 WL 2243186, at *5. This Court noted that the facts were virtually indistinguishable from those in *Landry*, and agreed that the claims related to procurement and did not support federal question jurisdiction. *See id.*

In *Campo v. Allstate Ins. Co.*, 562 F.3d 751 (5th Cir. 2009), the United States Court of Appeals for the Fifth Circuit approved of the approach taken by the district court in *Landry*. *See Campo*, 562 F.3d at 755-56. *Campo* presented the case of an expired SFIP. "To the extent that this case involves handling of a 'claim,' it is merely a 'fictitious claim' in the sense that the act of filing a claim on an *expired* policy, i.e., a dormant policy, is equivalent to filing no claim at all." *Id.* at 756.

The Court is persuaded that, applying the reasoning of the Fifth Circuit in *Campo* and the district court in *Landry*, Plaintiff's claims regarding contents coverage under his SFIP relate to policy procurement. *See Campo*, 562 F.3d at 755-56. To the extent this case involves a "claim" for contents coverage, which clearly did not exist under this particular SFIP, it is a "fictitious claim." *See id.* at 756. Therefore, there is no federal question presented. *See id.* at 755-57; *see also Landry*, 428 F. Supp. 2d at 535; *Bramlett*, 2006 WL 2243186, at *5. In the absence of federal question jurisdiction, this case must be remanded to state court.

C.  Coastal Insurance Agency

The Court entered a Text Only Show Cause Order dated November 16, 2009, indicating that Defendant Coastal Insurance Agency was required to retain counsel, as Defendant Tommy B. Brooks could not represent it *pro se*. While this is

-5-

ultimately for the state court judge to decide, upon further review, the Court notes that Brooks may be able to represent both himself and Coastal, if Coastal is a sole proprietorship, as opposed to an actual separate legal entity such as a corporation. *See National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.,* 748 F.2d 602, 610 (11th Cir. 1984); *M3Girl Designs LLC v. Purple Mountain Sweaters,* 2010 WL 304243 (N.D. Tex. Jan. 22, 2010); *RMC Publications v. Doulos PM Training,* 2009 WL 1974286 (N.D. Tex. July 7, 2009).

### III. CONCLUSION

Upon review of the record, the relevant pleadings and evidence on file, as well as the applicable law, and for the reasons more fully stated herein, the Court finds that it lacks subject matter jurisdiction, such that remand to state court is appropriate.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the above-captioned cause is hereby remanded to the Circuit Court of Hancock County, Mississippi, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 29 U.S.C. § 1447(c).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, all remaining pending motions are hereby **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED,** this the 2nd day of March, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE